# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8927 | **DATE** | 1/16/2004 |
| **CASE TITLE** | EEOC vs. Ralphs Grocery Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] EEOC's application for a preliminary injunction is granted. Accordingly, respondent, Ralphs Grocery Company is enjoined from attempting to use the state court to compel Doris Martinez to withdraw charges of discrimination and stay the administrative process of Illinois Department of Human Rights for investigating charges of discrimination prior to the completion of the administrative process. Enter Memorandum Opinion and Order. Any pending motion in this case is terminated moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 1-20-04 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 14 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/16/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Petitioner, | ) ) No. 03 C 8927 |
| v. | ) ) |
| RALPHS GROCERY COMPANY, | ) ) |
| Respondent. | ) ) |



## MEMORANDUM OPINION AND ORDER

Doris Martinez was employed by respondent Ralphs Grocery Company ("Ralphs") from December 2002 until February 2003. When Ms. Martinez was hired, she signed an employment agreement that contained an arbitration agreement for employer-employee disputes. On February 22, 2003, Ms. Martinez was terminated. On February 25, Ms. Martinez filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR"), a charge that was "dual-filed" with the Equal Employment Opportunity Commission ("EEOC").[1] Ralphs filed a petition to compel arbitration and stay administrative proceedings with the IDHR in this court, but the petition was dismissed for lack of jurisdiction. Ralphs then filed a similar petition in the Circuit Court of Cook County ("State Court"). The EEOC now moves for an preliminary injunction against Ralphs' petition in state court. I grant that motion.

---

[1] Ms. Martinez subsequently filed two additional charges with the EEOC, in June 2003 and September 2003.

A preliminary injunction "is an extraordinary remedy that is only granted where there is a clear showing of need." *Cooper v. Salazar,* 196 F.3d 809, 813 (7th Cir. 1999). Five factors figure into the determination of whether a preliminary injunction should be granted. *Id.* As a threshold matter, the petitioner must show (1) a likelihood of success on the merits, (2) irreparable harm if the preliminary injunction is denied, and (3) the inadequacy of any remedy at law. I then balance (4) the harm to petitioner if the preliminary injunction were wrongfully denied against the harm to the respondent if the injunction were wrongfully granted, and (5) the impact on persons not directly concerned in the dispute. *Id.;* see also *Platinum Home Mortgage Corp. v. Platinum Fin. Group, Inc.,* 149 F.3d 722, 726 (7th Cir. 1998). Ralphs argues that the EEOC has not made a showing of likely success or of irreparable harm nor that the public interest will not be harmed if I do not grant the injunction. Ralphs also argues that it will be irreparably harmed if I do grant the injunction.

Ralphs' State Court petition seeks to enjoin the IDHR from investigating Ms. Martinez's claim of discrimination. As a threshold matter, the EEOC must show some likelihood of success on the merits. "The threshold for this showing is low." *Cooper,* 196 F.3d at 813. The EEOC's statutory authority to investigate charges of discrimination is not overcome by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, or by an employer-employee arbitration

2

agreement. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). The Supreme Court expressed concern that the EEOC be able to vindicate the public interest against discrimination in employment. *Id.* at 295-296. Not only can the EEOC investigate a charge, it can bring an action either for injunctive or "victim-specific" relief against the employer. *Id.*

In the present case, the IDHR is acting as the agent for the EEOC. Ms. Martinez's charge was "dual-filed," meaning that while she physically filled out the necessary paperwork at the IDHR offices, the charge served to notify both the IDHR and the EEOC of her complaint. According to the work-sharing agreement between the IDHR and the EEOC, whichever agency initially receives the charge is the one that takes the lead on investigating it. In this case, that agency is the IDHR. Ralphs argues that the nature of the IDHR, a state rather than federal agency, should preclude it from proceeding with its investigation in the face of the arbitration agreement. However, the EEOC has been specifically authorized by Congress to use state agencies, such as the IDHR, to investigate charges of discrimination. 42 U.S.C. § 2000e(4)(g)(1); *see also Alerquin v. General Fire Extinguisher Corp.*, No. 94-C-5991, 1995 WL 493446, at *8 (N.D. Ill. Aug. 15, 1995)(EEOC and IDHR are the same for purposes of advancing Title VII goals). The rationale expressed in *Waffle House* is not diminished because the EEOC is using an statutorily-authorized agent for its investigation rather

than handling the investigation itself. The EEOC has shown a "better than negligible" chance that the rationale in *Waffle House* would be extended to cover state agencies like the IDHR when working in tandem with the EEOC. *Cooper*, 196 F.3d at 813.

The EEOC also must show that it will suffer irreparable harm if the injunction is not granted, and that it has no adequate remedy at law. The EEOC argues that if the injunction is not granted, it will be unable to proceed with the investigation and possible prosecution of Ms. Martinez's charge. Such a restriction on the EEOC's statutory duties would have a chilling effect on other employees who might seek to file a charge of discrimination. Ralphs argues that even if the IDHR is enjoined from proceeding with its investigation, the EEOC can proceed on its own. This argument ignores the fact that the IDHR is authorized to act as an agent for the EEOC and that Congress has given the EEOC, not Ralphs, the authority to decide how to conduct an investigation of a charge of discrimination. *See Waffle House*, 534 U.S. at 291-292 (EEOC can determine allocation of resources to charges). The EEOC has made its threshold showing of irreparable harm and of no adequate remedy at law.

As the EEOC has made its threshold showings, I must consider any irreparable harm to Ralphs if the injunction is granted, as well as the effect of an injunction on the public interest. Ralphs argues that if the investigation is allowed to proceed, Ralphs will

lose the ability to resolve the issues in its chosen forum - arbitration. However, as stated above, the FAA does not trump the EEOC's statutory authority to investigate and, if it chooses, prosecute charges of discrimination. *Waffle House*, 534 U.S. at 294. While Ms. Martinez may be limited to arbitration to resolve her dispute with Ralphs, the EEOC may, with the assistance of the IDHR, bring its own action against Ralphs. *Id.* at 296.

Finally, the public interest weighs heavily in favor of granting this injunction. The EEOC is statutorily authorized to investigate charges of discrimination on the part of our nation's employers. Ralphs' State Court petition, if granted, would have a serious chilling effect on the many employees who currently work under an arbitration agreement; those employees have a statutory right to file a charge with the EEOC or its sister state agencies. If granted, the injunction would have the effect of making those filings meaningless, as the agencies would be powerless to do anything about them. The balance of harms weighs in favor of the EEOC, and I grant its motion for a preliminary injunction.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: January /6, 2004